IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI AL-HARBI, | : | CIVIL NO. 1:CV-05-1474 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| CRAIG LOWE, ET AL., | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

Presently ripe for disposition is the petition for writ of habeas corpus filed on behalf of Ali Al-Harbi ("Al-Harbi"), a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), wherein he is seeking release from detention. (Doc. 1). For the reasons set forth below, the petition will be denied without prejudice.

**I. Background**

Al-Harbi, a native and citizen of Yemen, entered the United States at New York, New York, on or about March 5, 1991. (Doc. 6-2, p. 2). He was admitted as a nonimmigrant visitor for business. He was authorized to remain in the United States for a temporary period, not to exceed April 7, 1991. On May 20, 1993, the Immigration and Naturalization Service issued a show cause order and notice of hearing advising Al-Harbi that he was subject to deportation under § 241(a)(1)(B) based upon his decision to remain in the United States for a time longer than permitted. (Doc 6-2, p. 2). On February 5, 1996, the hearing commenced as scheduled. Al-Harbi was not present. He was ordered deported from the United States to Yemen *in absentia*. (Doc. 6-2, p. 8).

He was taken into ICE custody on November 28, 2001. On December 20, 2001, he filed a motion to reopen his case claiming that he failed to appear due to exceptional circumstances. (Doc. 6-2, p. 10). The motion to reopen was denied on January 29, 2002. (Id. at p. 11). Al-Harbi filed an appeal;

it was denied. He also pursued a motion to reopen with the Board of Immigration Appeals on April 6, 2004. It, too, was denied. (Doc. 6-2, p. 18).

Al-Harbi filed a petition for review and motion for stay of removal on November 13, 2002, in the Second Circuit Court of Appeals. (Doc. 6-2, p. 21). On September 21, 2004, Al-Harbi's request for a stay was granted pending a decision on the petition for review. A custody review was conducted and, on March 21, 2005, a decision to continue detention was issued informing Al-Harbi that he would not be released. (Doc. 6-2, p. 28). Review of the Court of Appeals docket reveals that the petition for review and motion for stay of deportation were denied on September 30, 2005.

## II. Discussion.

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (I) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6).

8 U.S.C. §1231.

The parties extensively briefed the issue of the impact that the judicial stay had on the removal

period.  It is respondents' position that the stay tolls the removal period and that upon the lifting of the stay, the 90-day mandatory removal period begins anew.  Al-Harbi argues that the removal order became administratively final thirty days after its entry on February 5, 1996.  He further points out that because he was taken into custody on November 28, 2001, the mandatory "90 day removal period ran out years before the 2nd Circuit entered its stay of removal order in 2004." (Doc. 7, p. 1).

When a stay of removal has been ordered, the ninety (90) day removal period begins to run only when the court entering the stay issues a "final order."  8 U.S.C. § 1231(a)(1)(B)(ii).  Further, the regulations provide, in pertinent part, that the removal period "shall begin on the latest of the following dates:. . . (B) if the ...court has ordered a stay of the alien's removal, the date on which, consistent with the court's order, the removal order can be executed. . . . ." 8 C.F.R. § 241.4(g)(1)(i)(B).  See Harrison v. Hogan, 2005 WL 2020711 (M.D.Pa. July 18, 2005); Haynes v. Department of Homeland Security, 2005 WL 1606321 (M.D. Pa. July 8, 2005),

The final order on Al-Harbi's claim was entered on September 30, 2005.  At that time, the stay was lifted and the removal period commenced.  As of this date, Al-Harbi is still within the mandatory 90-day removal period.  That period expires on December 29, 2005.  At that time, it is anticipated that Al-Harbi will be provided with a meaningful review of his custody status in accordance with the procedures embodied in 8 C.F.R. § 241.4(i).[1]

Based on the foregoing, the petition will be denied without prejudice to Al-Harbi to file a petition under 28 U.S.C. § 2241 challenging the detention decision if, following his custody review, ICE

---

[1] This regulation governs post-removal order release determinations by the Executive Associate Commissioner for Field Operation for any alien who is not removed within three months after an initial records review made by the Headquarters Post Order Detention Unit and contains the appropriate review procedures for a decision to continue detention. See 8 C.F.R. § 241.4(d) and (e).

determines that his detention should be continued.

### III.  Order

AND NOW, this 28th day of December 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1.  The petition is DENIED without prejudice to Al-Harbi to file a petition under 28 U.S.C. § 2241 challenging the detention decision if, following his anticipated custody review, ICE determines that his detention should be continued.

2.  The Clerk of Court is directed to CLOSE this case.

                                                __s/ Yvette Kane_____
                                                Yvette Kane
                                                United States District Judge